UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Respondent, | )<br>)<br>) |
| v. | )   No. 2:09-CR-28<br>)<br>) |
| APRIL L. WEST,<br>      Petitioner. | )<br>) |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the motion of defendant for a reduction of sentence, [Doc. 61]. Defendant requests a reduction in sentence pursuant to Amendments 782 and 788 to the United States Sentencing Guidelines. The United States has responded and acknowledges the defendant is eligible for a reduction in sentence but defers to the Court's discretion whether and to what extent to reduce defendant's sentence, [Doc. 62]. The motion will be DENIED.

**I. Factual and Procedural Background**

The defendant was convicted of participating in a conspiracy to distribute and possess with the intent to distribute oxycodone pills and possession of a firearm by a convicted felon. 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C); 18 U.S.C. § 922(g). [Doc. 56]. She was held accountable for 13.32 grams of oxycodone, which yielded a marijuana equivalent of 89.24 kilograms, resulting in a base offense level of 24. The base offense level was increased by two levels for possessing a firearm pursuant to § 2K2.1(b)(6) and decreased by three levels pursuant to USSG § 3E1.1(a) & (b) (acceptance of responsibility), resulting in an adjusted total offense level of 23. West had a criminal history category of V. The guidelines range was 84 to 105 months. The Court imposed a sentence of 84 months.

1

At the time of the entry of her guilty plea, the defendant stipulated to the following facts:

> During the time period charged in the indictment, defendants April West and Nakia Johnson were involved in a conspiracy with each other to distribute various controlled substances including oxycodone, within the Eastern District of Tennessee. Were this case to go to trial, the United States would prove the conspiracy by numerous overt acts including the following.
>
> On July 31, 2008, Police Chief Andy Dotson of the Bean Station Police Department stopped a Mazda vehicle operated by April West, in which Nakia Johnson was a passenger. During a subsequent search of the vehicle after the traffic stop, Chief Dotson and other officers located a total of 430 pills. Over 100 of the pills seized contained oxycodone. They also seized Lortab, morphine, plastic baggies used to package the drugs, and other evidence of drug trafficking.
>
> During the same time period charged in the indictment, the Hamblen County Sheriff's Department was working an undercover operation that had identified West and Johnson as trafficking drugs from their residence and other locations in the Eastern District of Tennessee. On several occasions, confidential informants were equipt with undercover recording devices and made purchases of oxycodone and other controlled substances from West and/or Johnson. These purchases include the following: March 10, 2008, a confidential informant purchased two oxycodone tablets from April West at her residence; on April 21, 2008, a confidential informant, being surveilled by and under the control of the drug task force, purchased two oxycodone tablets from April West at Kentucky Fried Chicken on the Andrew Johnson Highway in Hamblen County; on October 29, 2008, a confidential informant purchased four tablets containing oxycodone from April West at 450 Sequoia Drive, Morristown, Tennessee (Nakia Johnson was also present during the transaction).
>
> On December 1, 2008, Nakia Johnson gave a statement to members of the Hamblen County Sheriff's Department after being advised of his Miranda warnings advising officers that "people stop by and buy pills about every thirty minutes from he and April." He stated, "April normally keeps the pills in her bra and panties." During the search of the residence occupied by both defendants, officers found the RG pistol charged in the indictment as well as a large quantity of U.S. currency, oxycodone and other tablets, and marijuana. The search of the residence occurred on December 1,

2

2008, the same day a confidential informant purchased two oxycodone tablets from April West.

On February 26, 2009, officers set up an undercover purchase of morphine from April West by telephone. West advised the confidential informant to go to the 11-E Stop and Shop and West would deliver the drugs. At that location, West delivered two morphine pills to the confidential informant. At that point, West was arrested by officers of the Hamblen County Sheriff's Department.

The parties agree and the defendant admits that during the conspiracy she was involved in distributing or possessing with the intent to distribute 13,320 mg (13.32 grams) of oxycodone.

April Lee West was convicted on April 1, 2005 in the Criminal Court of Hamblen County, in case number 05CR056 of two counts of criminal responsibility for conduct of another robbery. The date for both offenses was December 23, 2004.

The RG pistol and ammunition has been examined by ATF and determined to have been manufactured outside the state of Tennessee, and therefore, was transported in interstate sommerce.

[Doc. 28].

## II.  Standard of Review

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). Title 18 United States Code § 3582(c)(2), however, gives a district court authority to modify a term of imprisonment that has been imposed on a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission," 18 U.S.C. § 3582(c), through a retroactively applicable amendment such as Amendment 782. *Id.*; USSG § 1B1.10. The Court may reduce the term, "after considering the factors set forth in § 3553(a) to the extent they are applicable, if such a reduction is consistent

3

with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10 identifies the guideline amendments that may be applied retroactively, and sets out the factors for deciding a sentence reduction motion under § 3582(c). The Supreme Court has made clear that § 3582 does not require a sentencing or resentencing proceeding, but gives courts the power to reduce an otherwise final sentence under circumstances established by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817 (2010); *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010); USSG § 1B1.10, Cmt. background (noting that a reduction under § 1B1.10 is discretionary and "does not entitle a defendant to a reduced term of imprisonment as a matter of right").

Section 3582(c)(2) establishes a two-step inquiry: First, the court must determine whether the defendant is eligible for a sentence reduction. If she is, the court must then consider whether, in its discretion, the authorized reduction is warranted in whole or in part under the circumstances. *Dillon*, 130 S. Ct. at 2691-92; *United States v. Greenwood*, 521 Fed. App'x 544, 547 (6th Cir. 2013). In exercising its discretion, the court is required to consider public safety factors and is permitted to consider post-sentencing conduct in deciding whether a reduction in the defendant's term of imprisonment is warranted. USSG § 1B1.10, Cmt. (n. 1(B)(ii)-(iii)). Thus, the district court is required to consider both the § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's term of imprisonment." *Curry*, 606 F.3d at 330 (quoting USSG § 1B1.10, Cmt. n. 1(B)(ii)).

### III. Discussion

The relevant factors here demonstrate that a reduction is not appropriate under the circumstances of the case. The defendant was a substantial participant in a very serious conspiracy to distribute oxycodone. The defendant's criminal history is also of major concern.

She was committed to the custody of the Tennessee Department of Human Services at the age of thirteen for being "unruly beyond parental control," and was ruled delinquent three times as a juvenile for a variety of offenses, including unlawful possession of prescription drugs. Her first adult conviction, for criminal responsibility of conduct of another for robbery, resulted from her participation in an aggravated robbery. Although that appears to be her only felony conviction, she has numerous misdemeanor convictions for drug possession and various related offenses. West committed the present offense while on probation and within two years of her October 23, 2006 release from custody as a result of the felony conviction. She also has a history of probation revocations.

During her incarceration, West has continued with a disturbing pattern of conduct. Although she has a history of substance abuse dating back to 1995 when she was thirteen years of age, West declined participation in drug education, and she has done very little to take advantage of BOP's educational or vocational programs, only completing classes in food safety and AIDS awareness. Of equal concern is West's record of disciplinary infractions during her term of imprisonment. She has seven infractions for a variety of offenses, including assault, fighting, use of drugs and refusing to obey an order.

In short, West's prior criminal history, her involvement in the instant offense, and her post-conviction conduct rather clearly establish that a reduction in her sentence would not properly protect the public, provide general deterrence, or promote respect for the law and authority. The motion, [Doc. 61], is DENIED.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
